[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Westport, Connecticut, on May 31, 1987, and the plaintiff and the defendant have been residents of Connecticut for at least twelve months next preceding the date of this hearing. There are two minor children issue of this marriage, Alana Rose, born June 5, 1988, and Kaila Belle, born April 13, 1990.
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in 46b-56, 46b-62, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff, age 32, has a college degree as well as a masters degree in early childhood education. Although the mother of two small children, she is, nevertheless, working full time as a teacher in a neighboring school system. She testified that her health is good.
The defendant, also age 32, attended Bunker Hill Junior College. A hard worker, he has been a longshoreman, is a skilled carpenter and the owner of his own construction company and equipment. He presently is also an owner of a bar in Fairfield. Despite the fact he has suffered several serious injuries, he describes his health as good. CT Page 3468
Evidence was presented on both sides concerning the causes for the breakdown. It would serve no useful purpose to repeat the testimony. Suffice it to say that the plaintiff portrayed a picture of her being a forgiving wife who overlooked her husband's transgressions and violent outbursts in an ever continuing attempt to have a successful marriage. While admitting past errors of judgment concerning her own use of drugs, she claims to be well clear of that vice at this time, contrary to the position she alleges her husband to be in. She made serious allegations concerning his drug involvement.
The defendant portrays himself as a hard worker who loved his wife. He points to the real estate that was owned soley by him before the marriage which is now equally in both names thanks to his deeding one half interest to her. Acknowledging past alcohol problems (he claims to be "dry" for several years longer than the length of the marriage), he denies his wife's allegations of present drug involvement, though he does admit to occasional "slips" regarding his personal use of drugs.
The following orders shall enter:
1. The defendant shall, during his lifetime, pay $125.00 per week per child as child support until each child reaches the age of majority, is emancipated, or no longer resides with their mother as their principal place of residence, whichever event first occurs. As the defendant is self-employed, a contingent wage execution shall enter.
2. The defendant shall transfer to the plaintiff all his right, title and interest in and to the jointly owned residence located at 34 Old Tannery Road, Monroe, Connecticut. Simultaneously therewith, the plaintiff shall execute a mortgage note and deed (in form substantially similar to that utilized by People's Savings Bank) in favor of the defendant in the amount of $35,000.00 due and payable upon her death, remarriage, cohabitation, the sale of the residence, the youngest child attaining ten (10) years of age or neither child residing with the plaintiff as their principal place of residence, whichever event shall first occur.
 Interest on said note shall be paid at the rate of eight (8) per cent per annum, simple interest, all accumulated interest to be paid at the time the principal becomes due and owing. The mortgage note and deed may be paid off at any time without penalty, and the defendant shall subordinate this mortgage to any first lien that leaves sufficient equity in the premises to protect the amount of CT Page 3469 this indebtedness.
 The plaintiff will be responsible for the payment of the first mortgage as well as carrying costs including but not limited to taxes, insurance, utilities, repairs, maintenance, etc., on this property and shall fully indemnify and hold harmless the defendant therefrom.
 The defendant will be responsible for the preparation of the quitclaim deed and the conveyance taxes, if any, associated with this transfer. 3. Mr. Ciccia shall have, for a forty-five (45) day period hereafter, the right, by written notice of his intention to do so, to exercise an option to buy out Ms. Katzen's share of the jointly owned property located in Ashfield, Massachusetts. The value is to be divided 50-50 between the parties. Mr. Ciccia must complete the buyout within thirty (30) days of the parties arriving at a fair market value. If the parties cannot agree on a value and/or procedure for the buyout, the matter will be returned to this court for further order. If Mr. Ciccia does not exercise his buyout option, the real property shall immediately be placed on the market for sale and sold. The net proceeds shall be divided 50-50. The listing price shall be agreed upon by the parties, and, if they cannot agree, shall be determined by having each party choose an appraiser, and if the appraisals of the two appraisers so chosen are within five (5%) per cent of each other, the median of the two appraisals shall be designated as the listing price. If the appraisals are not within five (5%) per cent of one another, the two appraisers previously chosen shall then choose a third appraiser whose appraisal shall be binding upon the parties as the listing price. Each party shall be responsible for the cost of their appraiser, and the cost of the third appraiser shall be divided equally by the parties. The listing price shall be reviewed every forty-five (45) days to ascertain if it should be reduced. Any offer within three (3%) per cent of the listing price must be accepted by the parties.
4. The defendant shall, during his lifetime, pay $150.00 per week as alimony to the plaintiff until her death, remarriage, cohabitation as defined by Connecticut General Statutes or the youngest child goes to school on a full time basis but not later than the child's sixth birthday, whichever event shall first occur. Said amount shall be nonmodifiable as to term.
5. The court specifically retains jurisdiction should any disagreement(s) arise concerning implemention of the CT Page 3470 property division.
6. All uninsured medical debts referred on the plaintiff's financial affidavit will be split 50-50. The final amount of these debts are presently uncertain. Once the amount is ascertained, if the parties are unable to agree on a payment schedule, the matter shall be returned to the court for a determination.
7. The court finds that the arrearage of the defendant to the plaintiff for the pendente lite order is offset by her exclusive use of the former joint account(s).
8. The defendant shall contribute $5,000.00 toward the attorney's fees of the plaintiff, $1,500.00 to be paid within sixty (60) days, $1,500.00 within the following sixty (60) days and the final $2,000.00 within the next following sixty (60) days.
9. The plaintiff shall be entitled to the personal property in the Tannery Road property including the paintings. If there are items of personalty in which the defendant has a particular personal claim and the parties cannot agree if they should be returned to the defendant, the matter will be referred to the court for resolution with a referral first being made to Family Relations. The defendant shall be entitled to retain his wine cellar.
 The defendant shall transfer title to the 1986 Jeep Pioneer to the plaintiff, and the plaintiff shall transfer title to the truck to the defendant. The defendant shall retain the 1962 Chevrolet. Upon reasonable notice to the plaintiff, all the remaining vehicles on the Old Tannery Road property shall be removed by the defendant, as well as the back hoe. At the same time, he shall also remove his construction equipment.
10. The defendant shall be solely responsible for the debt, if any, owed to one Krajic and shall fully indemnify and hold the plaintiff harmless therefrom including but not limited to reasonable attorney's fees to defend any litigation. He shall also obtain a release of lis pendens associated with this claim within a reasonable period of time. It is the court's understanding that the Krajic claim is presently in litigation and, therefore, the court will retain jurisdiction concerning any further orders that are necessary to carry out the intent of this order.
11. The plaintiff shall have sole custody of the minor children. The defendant shall have reasonable visitation CT Page 3471 rights subject to the following conditions:
a. The visitation will take place in the presence of
 Janice Uhrynowski (and not in the presence of Patricia Baldwin) at the present time. Modification of this supervised visitation can be expected in the future as the children get older and the defendant has established a consistent substance abuse free lifestyle.
 b. The defendant shall furnish reasonable notice of his intention to exercise said visitation rights.
 c. The defendant shall not be under the influence of alcohol or drugs or use same during his visitation with the children.
 d. The defendant shall be tested randomly for drugs at least once a month. Any dirty urine may be the basis of a suspension of visitation rights. The plaintiff shall be tested at least once every two months. Any dirty urine may be the basis for a court review of custodial arrangements.
12. The plaintiff shall provide health insurance for the minor children as long as it is available to her until each child reaches 18 or sooner emancipation. In the event said health insurance is no longer available to the plaintiff, the parties will attempt to work out the medical insurance obligation, but failing to do so, shall return to the court for a binding determination.
13. All uninsured medical, dental, psychiatric, psychological, prescriptive, orthodonture and the like expenses with respect to the minor children shall be split equally between the parties. For any course of treatment reasonably anticipated to exceed $500.00, the defendant's consent must first be obtained, except in an emergency, which consent shall not be unreasonably withheld.
14. The net proceeds from the sale of Fairdale's Cafe shall belong to the defendant.
15. The defendant shall attempt to maintain One Hundred Thousand ($100,000.00) Dollars of unencumbered life insurance naming the minor children as equal, primary irrevocable beneficiaries. When the oldest child attains the age of eighteen (18) years, said coverage shall be maintained in the amount of Fifty Thousand ($50,000.00) CT Page 3472 Dollars continuing the youngest child as beneficiary with the same stipulations until she attains the age of eighteen (18) years at which time the defendant's obligation will terminate. The plaintiff shall be named as trustee for the benefit of the children on this insurance. The defendant shall provide to the plaintiff, at least yearly, written documentation that this coverage is in full force and effect.
16. Except as provided above, each shall be responsible for their own debts as and shall fully indemnify and hold the other harmless therefrom.
17. The plaintiff will cooperate with the defendant concerning any COBRA benefits that may be available to him at his cost through her employer.
18. Except as may otherwise be treated in this memorandum of decision, each party shall retain ownership of any asset now held in his or her respective name.
19. Except as otherwise ordered in the decision, for any taxes, interest, and/or penalties found to be due and owing on any joint tax returns, each party shall be responsible for the amount owed based on the income earned and/or deductions claimed by that party. As to taxes, interest, and/or penalties on the returns that are based on joint deductions or a mistake by the preparer of the document, the amount found to be due and owing shall be divided equally between the parties.
20. The defendant shall be entitled to the proceeds of his longshoreman's claim subject to the following qualifications.
 a. Defendant is ordered to subtract from any settlement, amounts that may be due and owing under the terms of this decree at that time.
 b. Defendant is ordered to provide plaintiff's attorney with the name, address and telephone number of the attorney representing him concerning this claim.
 c. The defendant is further ordered to instruct his "injury" attorney, in writing by certified mail, return receipt requested, with a copy of the signed receipt being sent to the plaintiff's attorney, that the attorney is not to release settlement funds to anyone until forty-five (45) days after the plaintiff's attorney has acknowledged to defendant's CT Page 3473 "injury" attorney by certified mail, return requested, amount owed based on the income earned and/or deductions claimed by that party. As to taxes, interest, and/or penalties on the returns that are based on joint deductions or a mistake by the preparer of the document, the amount found to be due and owing shall be divided equally between the parties.
20. The defendant shall be entitled to the proceeds of his longshoreman's claim subject to the following qualifications.
 a. Defendant is ordered to subtract from any settlement, amounts that may be due and owing under the terms of this decree at that time.
 b. Defendant is ordered to provide plaintiff's attorney with the name, address and telephone number of the attorney representing him concerning this claim.
 c. The defendant is further ordered to instruct his "injury" attorney, in writing by certified mail, return receipt requested, with a copy of the signed receipt being sent to the plaintiff's attorney, that the attorney is not to release settlement funds to anyone until forty-five (45) days after the plaintiff's attorney has acknowledged to defendant's "injury" attorney by certified mail, return requested, that he, plaintiff's attorney, has been informed by the defendant of the gross and net amounts of said award (plaintiff's attorney agrees to do this immediately on the receipt of this information from defendant).
 d. Defendant is finally ordered to write a letter to his attorney, certified mail, return receipt requested with the original green card return to be sent to plaintiff's attorney, informing that attorney of this court order.
Judgment shall enter in accordance with the foregoing.
LAWRENCE L. HAUSER, JUDGE.